George Sitaras, Esq. (GS-7148)
Sitaras & Associates, P.C.
Attorney for Plaintiff
33 Whitehall Street, 16th Floor
New York, New York 10004
Tel (212) 430-6410
E-mail: george@sitaraslaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

SHAWNLEE CONSTRUCTION, LLC,

                Plaintiff,

        - against -

J.K. SCANLAN CONSTRUCTION, INC. and ARCH
INSURANCE COMPANY, INC.,

                Defendants.

-------------------------------------------------------------- X

Case No.: 7:12-cv-3346

**SECOND AMENDED**
**VERIFIED COMPLAINT**

       Plaintiff, SHAWNLEE CONSTRUCTION, LLC, by its attorneys, Sitaras & Associates, P.C., as and for its verified complaint herein, alleges as follows:

### NATURE OF THE ACTION

       1.    This is an action to recover monies due to plaintiff Shawnlee Construction, LLC ("Shawnlee") from defendant J.K. Scanlan Construction, Inc. ("Scanlan") based on Scanlan's breach of a construction contract. Shawnlee also seeks to collect the unpaid amount from defendant Arch Insurance Company, Inc. d/b/a Arch Insurance Group Inc. ("Arch") based on a payment bond issued by Arch, which guaranteed payment to subcontractors and suppliers hired by Scanlan in connection with the underlying construction project known as "Vineyard

Commons, United States Department of Housing and Urban Development Project No. 05-57", located at 330 Vineyard Street, Highland, New York 12533 ("Project").

## PARTIES

2.	Shawnlee is a limited liability company duly organized and existing under the laws of the State of Michigan, with its principal place of business located at 2801 East Beltine Avenue, Grand Rapids, Michigan 49525. Shawnlee's members are UFP Eastern Division, Inc. ("UFP Eastern") and UFP Holding Co., Inc. ("UFP Holding"), both of which are Michigan corporations owned by Universal Forest Products, Inc., ("UFPI") a Michigan corporation that is publicly traded on the Nasdaq stock exchange. UFP Holding and UFPI each maintain their principal places of business at 2801 East Beltine Avenue, Grand Rapids, Michigan 49525, which is UFPI's corporate headquarters. UFP Eastern maintains its principal place of business at 5200 Highway 138, Suite 200, Union City, Georgia 30291.

3.	Upon information and belief, Scanlan is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 15 Research Road, Falmouth Technology Park, East Falmouth, Massachusetts 02536.

4.	Upon information and belief, Arch is an insurance company licensed to issue surety bonds in the State of New York, with its principal place of business located at 3 Parkway, Suite 1500, Philadelphia, Pennsylvania 19102.

## JURISDICTION AND VENUE

5.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a)(2) by reason of diversity of citizenship of the parties and the amount in controversy exceeding the sum of $75,000.00 exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) and (2) since a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## FIRST COUNT
(Breach of Contract against Scanlan)

7. Shawnlee repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth at length herein.

8. Upon information and belief, on or about December 2, 2008, Scanlan, as general contractor, entered into a prime contract with Vineyard Commons Holdings, LLC, as owner (the "Owner") for the improvement of the property located under 330 Vineyard Street, Highland, New York 12533 (the "Property").

9. On or about July 13, 2009, Scanlan entered into a written subcontract with Shawnlee wherein Shawnlee agreed to furnish and install all labor and materials necessary for certain rough carpentry and siding work at the Project for the base subcontract price of $5,599,697.00 (the "Subcontract").

10. Pursuant to the Subcontract, Shawnlee completed all of the work and extra work required under the Subcontract.

11. Pursuant to the Subcontract, Shawnlee submitted periodic application or invoices to Scanlan for the value of the labor, material and services furnished under the Subcontract, including change orders, totaling $5,715,409, no part of which has been paid except for the sum of $5,429,638.55, leaving a balance due and owing Shawnlee from Scanlan in the amount of $285,770.45.

12. Shawnlee has demanded payment from Scanlan but Scanlan has failed to pay.

13. As a result of Scanlan's failure to pay Shawnlee the outstanding balance due under the Subcontract, Shawnlee has suffered damages in the amount of $285,770.45, together with pre-judgment interest, costs, disbursements and attorney's fees incurred in this action.

## SECOND COUNT
(Account Stated Against Scanlan)

14. Shawnlee repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth at length herein.

15. Shawnlee delivered invoices and statements of account to Scanlan on a regular and timely basis evidencing the labor, materials and services furnished to the Project, and the amounts due thereon.

16. Said invoices and statements of account indicated an outstanding balance due to Shawnlee from Scanlan in the sum of $285,770.45.

17. Scanlan accepted and retained said invoices and statements without objection.

18. More than 30 days has elapsed since Shawnlee presented the most recent invoice or statement reflecting the outstanding account balance and Scanlan has not responded, objected to or paid the account balance.

19. By reason of the foregoing, Scanlan is liable to Shawnlee in the amount of $285,770.45, together with pre-judgment interest, costs, disbursements, and attorney's fees incurred in this action.

## THIRD COUNT
(Quantum Meruit Against Scanlan)

20. Shawnlee repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth at length herein.

21. Shawnlee has furnished labor and materials to Scanlan having a fair and

reasonable value of $285,770.45, no part of which has been paid.

22. Shawnlee performed said work in good faith, and with the expectation that it would be paid by Scanlan.

23. Scanlan accepted and retained the benefit of the work performed by Shawnlee, but failed to pay Shawnlee.

24. By reason of the foregoing, Scanlan is liable to Shawnlee in quantum meruit for the fair and reasonable value of said work in the amount of $285,770.45, together with pre-judgment interest, costs, disbursements, and attorney's fees incurred in this action.

## FOURTH COUNT
(Payment under Surety Bond Against Scanlan and Arch)

25. Shawnlee repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth at length herein.

26. On July 2, 2009, Scanlan, as principal, and Arch, as surety, for valuable consideration, duly executed and furnished a payment bond (Bond No. SU1039918) in the amount of $36,964,970.00, guaranteeing prompt payment of moneys due to all subcontractors, laborers, materialmen and suppliers furnishing the principal with labor and materials used in the performance of the Project, including Shawnlee.

27. Shawnlee, as a subcontractor of Scanlan, furnished labor, material for the performance of certain rough carpentry work on the Project and is therefore a beneficiary of the payment bond issued by Arch.

28. Scanlan has failed to pay for the labor, materials and services furnished by Shawnlee, leaving a balance due and owing in the sum of $285,770.45.

29. Shawnlee sent written notice to Arch and Scanlan that a claim was being made under the payment bond.

30. By reason of the furnishing of said work Shawnlee has a proper claim against Arch under the terms of the payment bond in the sum of $285,770.45, no part of which has been paid although duly demanded.

31. Under the terms and conditions of the payment bond, Arch is liable to Shawnlee for the full amount due Shawnlee from Scanlan.

32. All conditions precedent required by law or by the terms of the payment bonds have occurred or have been complied with so that this action can be commenced.

33. By reason of the foregoing, the sum of $285,770.45, plus pre-judgment interest, is now due and owing Shawnlee from Arch under the payment bond.

**WHEREFORE**, Shawnlee demands judgment as follows:

1) On the First Count against Scanlan in the sum of $285,770.45, plus pre-judgment interest, costs, disbursements and reasonable attorney's fees incurred in this action;

2) On the Second Count against Scanlan in the sum of $285,770.45, plus pre-judgment interest, costs, disbursements and reasonable attorney's fees incurred in this action;

3) On the Third Count against Scanlan in the sum of $285,770.45, plus pre-judgment interest, costs, disbursements and reasonable attorney's fees incurred in this action;

4) On the Fourth Count against Scanlan and Arch, joint and severally, in the sum of $285,770.45, plus pre-judgment interest, costs, disbursements and reasonable attorney's fees incurred in this action;

5) That Shawnlee have such other and further relief in the premises as to this Court seems just and proper.

Dated: New York, New York
June 1, 2012

                **SITARAS & ASSOCIATES, P.C.**
                *Attorneys for plaintiff Shawnlee*
                *Construction LLC*

By: _____
        George Sitaras, Esq.
        33 Whitehall Street, 16th Floor
        New York, New York 10004
        T. (212) 430-6410

# VERIFICATION

GEORGE SITARAS, an attorney admitted to practice in the State of New York, affirms:

That the undersigned is the attorney of record for the plaintiff **SHAWNLEE CONSTRUCTION, LLC**, in the within action; that the undersigned has read the foregoing complaint and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned, and not by the claimant herein, is that the plaintiff's principal place of business is outside of New York.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are as follows: A review of the file, books, records, correspondence, documents and information provided by the plaintiff, and discussions with the plaintiff's representatives.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
June 1, 2012

_____
George Sitaras